IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSEPH SMITH,

                Plaintiff,

v.                                                     OPINION & ORDER

CAPITAL ONE BANK USA, N.A. and                16-cv-12-jdp
MESSERLI & KRAMER, P.A.,

                Defendants.

---

In November 2015, plaintiff Joseph Smith filed suit against defendants Capital One Bank USA, N.A. and Messerli & Kramer, P.A. in the Circuit Court for Pierce County, Wisconsin. He brought state law claims for violations of the Wisconsin Consumer Act, and federal claims for violations of his constitutional rights pursuant to 42 U.S.C. § 1983, arising from defendants' efforts to garnish Smith's wages following Smith's failure to pay credit card debt.[1] Messerli & Kramer removed plaintiff's case to this court on January 6, 2016.

Now defendants move to dismiss Smith's amended complaint. Dkt. 10 and Dkt. 12. Because Smith has failed to state a federal claim upon which relief can be granted, and because Smith's state law claims are untimely, I will grant defendants' motions.

ALLEGATIONS OF FACT

The court draws the following facts from Smith's amended complaint, Dkt. 7, construing the allegations "in the light most favorable to [Smith], accepting as true all well-

---

[1] Smith's amended complaint refers to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k, but Smith does not actually allege any violations of the FDCPA.

pleaded facts alleged, and drawing all possible inferences in [his] favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

Smith opened a credit card with Capital One. Eventually Smith accumulated credit card debt, could not repay his balance, and defaulted on the loan. Capital One filed suit against Smith in Wisconsin state court. On May 25, 2011, the Circuit Court for Pierce County, Wisconsin entered judgment against Smith. (Smith maintains that as a result of service deficiencies, the court should not have entered judgment against him.)

After Capital One secured a judgment against Smith, Messerli & Kramer filed an earnings garnishment notice with the circuit court on behalf of Capital One. Defendants received an authenticated copy of the notice and served the authenticated notice on Smith's employer. Smith's employer was located in Minnesota, and Smith contends that defendants did not have the authority to enforce the Wisconsin judgment "extraterritorially."

Smith alleges that defendants' actions amount to unlawful debt collection activities under the Wisconsin Consumer Act, and that defendants violated Smith's rights under the Dormant Commerce Clause and the Full Faith and Credit Clause of the Constitution when they prepared, filed, and served Wisconsin garnishment documents on Smith's Minnesota employer. Smith brings his federal constitutional claims via 42 U.S.C. § 1983.

The court has subject matter jurisdiction over Smith's § 1983 claims pursuant to 28 U.S.C. § 1331, because they arise under federal law. The court may exercise supplemental jurisdiction over the remaining state law claims, pursuant to 28 U.S.C. § 1367(a).

ANALYSIS

A motion to dismiss pursuant to Rule 12(b)(6) tests the complaint's legal sufficiency. To state a claim upon which relief can be granted, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] . . . Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (internal citations and quotation marks omitted).

Defendants move to dismiss all of Smith's claims. For reasons discussed below, Smith has failed to state a federal claim upon which relief can be granted, and, as a result, the court will dismiss those claims. The court will also dismiss Smith's state law claims as untimely.

**A. Section 1983 claims**

To succeed on his § 1983 claims, Smith must prove: "(1) the deprivation of a right secured by the Constitution or federal law and (2) that defendants were acting under color of state law." *Wilson v. Warren County*, No. 15-1939, 2016 WL 3878215, at *2 (7th Cir. July 18, 2016) (citing *Armato v. Grounds*, 766 F.3d 713, 719-20 (7th Cir. 2014)). Smith has not alleged facts sufficient to demonstrate that defendants violated his rights under the Dormant Commerce Clause or the Full Faith and Credit Clause.[2] As a result, Smith has not stated a § 1983 claim upon which relief can be granted.[3]

---

[2] Plaintiffs may allege a violation of the Dormant Commerce Clause via 42 U.S.C. § 1983. *See*

1. **Dormant Commerce Clause**

The Commerce Clause empowers Congress to "regulate Commerce with foreign Nations, and among the several States." U.S. Const. art. I, § 8, cl. 3. And although the Commerce Clause does not explicitly limit state regulation, courts "have long interpreted the Commerce Clause as an implicit restraint on state authority, even in the absence of a conflicting federal statute." *United Haulers Ass'n, Inc. v. Oneida-Herkimer Solid Waste Mgmt. Auth.*, 550 U.S. 330, 338 (2007). Courts refer to this negative implication as the Dormant Commerce Clause.

"To determine whether a law violates this so-called 'dormant' aspect of the Commerce Clause, [courts] first ask whether it discriminates on its face against interstate commerce. In this context, discrimination simply means differential treatment of in-state and out-of-state economic interests that benefits the former and burdens the latter." *Id.* (internal citations and quotation marks omitted). Even if it does not discriminate against interstate commerce on its face, a statute may still violate the Dormant Commerce Clause if it indirectly or incidentally affects interstate commerce. *Dep't of Revenue of Ky. v. Davis*, 553 U.S. 328, 338-39 (2008) ("Absent discrimination for the forbidden purpose, however, the law 'will be upheld unless the burden imposed on [interstate] commerce is clearly excessive in relation to the putative local benefits.'" (quoting *Pike v. Bruce Church, Inc.*, 397 U.S. 137, 142 (1970))). Under either test, the allegedly offending statute must regulate or burden *interstate commerce*.

---

*Dennis v. Higgins*, 498 U.S. 439 (1991). And the court will assume, without deciding, that plaintiffs may allege a violation of the Full Faith and Credit Clause via § 1983, for purposes of evaluating defendants' motions to dismiss. *See, e.g., Rosin v. Monken*, 599 F.3d 574 (7th Cir. 2010).

[3] The court will not need to determine whether defendants acted under color of state law.

Put simply, the Commerce Clause concerns economic regulation. Commerce means sellers, purchasers, goods and services, marketing, etc. *See Camps Newfound/Owatonna, Inc. v. Town of Harrison*, 520 U.S. 564, 573 (1997). State statutes that target profit-making entities, for example, may violate the Dormant Commerce Clause. *Id.* at 575. As might state laws that distinguish between entities that primarily serve interstate clientele and those that primarily serve an intrastate market. *Id.* at 576 ("We have consistently held that the Commerce Clause precludes a state from mandating that its residents be given a preferred right of access, over out-of-state consumers, to natural resources located within its borders or to the products derived therefrom." (internal citation, quotation marks, and alterations omitted)); s*ee also Am. Trucking Ass'ns, Inc. v. Mich. Pub. Serv. Comm'n*, 545 U.S. 429, 433 (2005) ("We have held that States may not impose taxes that facially discriminate against interstate business and offer commercial advantage to local enterprises, that improperly apportion state assessments on transactions with out-of-state components, or that have the inevitable effect of threatening the free movement of commerce by placing a financial barrier around the State." (internal citations, quotation marks, and alterations omitted)). "The 'common thread' among those cases in which the Court has found a dormant Commerce Clause violation is that 'the State interfered with the natural functioning of the interstate market either through prohibition or through burdensome regulation.'" *McBurney v. Young*, 133 S. Ct. 1709, 1720 (2013) (quoting *Hughes v. Alexandria Scrap Corp.*, 426 U.S. 794, 806 (1976)).

Smith has not identified anything that even remotely resembles a regulation of interstate commerce here, much less how defendants discriminated against it or otherwise burdened it. Smith summarily alleges that defendants violated his rights under the Dormant Commerce Clause by serving an authenticated earnings garnishment notice on Smith's

5

Minnesota employer. Smith's allegations are entirely conclusory. Smith has not alleged any facts that suggest that defendants acted pursuant to state laws that treat in- versus out-of-state economic interests differently. Smith does not explain how Wisconsin's garnishment statutes are designed to—or actually do—benefit in-state interests over out-of-state interests. This is not a Dormant Commerce Clause case. *See, e.g.*, *Midwest Title Loans, Inc. v. Mills*, 593 F.3d 660, 665 (7th Cir. 2010) ("The Commerce Clause dictates that no State may force an out-of-state merchant to seek regulatory approval in one State before undertaking a transaction in another." (quoting *Healy v. Beer Institute, Inc.*, 491 U.S. 324, 337 (1989))). Smith has not alleged any facts that demonstrate that defendants violated Smith's rights under the Dormant Commerce Clause.

### 2. Full Faith and Credit Clause

Smith also contends that defendants violated his rights under the Full Faith and Credit Clause, which provides that "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." U.S. Const. art. IV, § 1.

> The purpose of the Full Faith and Credit Clause "was to alter the status of the several states as independent foreign sovereignties, each free to ignore obligations created under the laws or by the judicial proceedings of the others, and to make them integral parts of a single nation throughout which a remedy upon a just obligation might be demanded as of right, irrespective of the state of its origin."

*Rosin*, 599 F.3d at 576 (quoting *Baker by Thomas v. Gen. Motors Corp.*, 522 U.S. 222, 232 (1998)). "The Full Faith and Credit Clause does not compel a state to substitute the statutes of other states for its own statutes dealing with a subject matter concerning which it is competent to legislate." *Baker*, 522 U.S. at 232 (citations and internal quotation marks omitted). But state court *judgments* qualify "for recognition throughout the land." *Id.* at 233.

6

Again, Smith has failed to allege any facts that adequately implicate the Full Faith and Credit Clause. Smith specifically relies on the clause's "public policy exception," which, according to Smith, generally provides that in some situations, a state may place its own policy concerns ahead of enforcing another state's judgments. But the Supreme Court has explicitly stated that its "decisions support no roving 'public policy exception' to the full faith and credit due *judgments*." *Id.* (emphasis in original). Smith summarily alleges that the exception "prohibits the Defendants from enforcing its judgment extra territorially, using the terms, requirements and forms of Wis. Stat. Chapter 812." Dkt. 7, ¶ 55. But Smith does not actually allege that defendants' actions forced Minnesota to apply Wisconsin law over policy objections.

This is not a Full Faith and Credit Clause case. This case concerns a Wisconsin judgment as enforced by Wisconsin courts. In fact, the Supreme Court has stated that they "are aware of no considerations of local policy or law which could rightly be deemed to impair the force and effect which the full faith and credit clause and the Act of Congress require to be given to a money judgment outside the state of its rendition." *Baker*, 522 U.S. at 234 (citation, internal quotation marks, and alterations omitted). Smith fundamentally misunderstands the Full Faith and Credit Clause, and, as a result, he has not demonstrated that defendants violated his rights under it.

**B. State law claims**

Only Smith's state law claims remain. Smith alleges that defendants violated the Wisconsin Consumer Act when they engaged in various unlawful debt collection efforts, in violation of Wis. Stat. § 427.104(1)(j). Dkt. 7, ¶ 71. But regardless of the nuances of Smith's claims, they are untimely.

The Wisconsin Consumer Act provides that:

> Any action brought by a customer to enforce rights pursuant to chs. 421 to 427 shall be commenced within one year after the date of the last violation of chs. 421 to 427, 2 years after consummation of the agreement or one year after last payment, whichever is later, except with respect to transactions pursuant to open-end credit plans which shall be commenced within 2 years after the date of the last violation; but no action may be commenced more than 6 years after the date of the last violation.

Wis. Stat. § 425.307(1). Put simply, a customer may bring an action to enforce his rights under the Wisconsin Consumer Act within a one- or two-year period: (1) within one year after the last violation; (2) within two years after the parties entered into the agreement at issue *or* one year after the last payment, whichever is later; or (3) within two years after the last violation for transactions pursuant to open-end credit plans. *Id.*; *see also Hopkins v. Capital One Bank, USA, N.A.*, No. 14-cv-44, 2015 WL 327631, at *5 (W.D. Wis. Jan. 26, 2015), *reconsideration denied*, No. 14-cv-44, 2015 WL 2341343 (W.D. Wis. May 14, 2015), *appeal dismissed* (Oct. 22, 2015). The final clause provides that no matter how the foregoing shakes out, *no* customer may bring suit more than six years after the last violation.

Despite the statute's clear language regarding "transactions pursuant to open-end credit plans," Smith makes a play for a six-year limitations period, which, considering the plain language of that final clause, is more of a statute of repose. Smith concedes that were the court to determine that a two-year statute of limitations applies to his claims, they would be untimely. Dkt. 19, at 30 ("Smith has brought his claims outside the one and two year limits, but within the six year limit.").

Smith has not offered any persuasive reason—or case law—to apply a six-year statute of limitations. Smith explicitly alleges that he is a "customer" within the meaning of the

8

Wisconsin Consumer Act, Dkt. 7, ¶ 7, and that this suit concerns transactions pursuant to his open-ended credit relationship with Capital One, *id.* ¶ 26. Smith's suit is plainly one "with respect to transactions pursuant to open-end credit plans," and, as a result, he was required to commence this action within two years after the date of the last violation.

Smith's argument that he is both a "person" and a "customer" under the Wisconsin Consumer Act—and that, as a result, he should not have to comply with the limitations periods applicable to customers—is unpersuasive.

> Regardless of the reason the six-year limitations period was included, the language of the statute makes it clear that the six-year deadline is not a way for a plaintiff to avoid the deadlines in the first part of the statute. . . . In other words, if the plaintiff is a customer and he cannot meet the limitations periods in the first part of the statute, he cannot rely on the last part of the statute to *extend* his limitations period.

*McDonough v. WESTconsin Credit Union*, 97 F. Supp. 3d 1040, 1043 (W.D. Wis. 2015). In fact, this court has already had the opportunity to address Smith's exact arguments, in *McDonough*: "They seem to believe that anyone who qualifies as a 'person' under § 427.105(1) is entitled to the six-year limitations period in § 425.307(1), but they have no support for that argument, either in the case law or the language of the statute." *Id.*

Under the plain language of Wis. Stat. § 425.307(1), Smith's Wisconsin Consumer Act claims are subject to a two-year statute of limitations. Thus, the court will dismiss his state law claims as untimely.

ORDER

IT IS ORDERED that:

1. Defendant Capital One Bank USA, N.A.'s motion to dismiss, Dkt. 10, is GRANTED.

2. Defendant Messerli & Kramer's motion to dismiss, Dkt. 12, is GRANTED.

3. Plaintiff Joseph Smith's claims are DISMISSED with prejudice.

4. The clerk of court is directed to enter judgment for defendants and close this case.

Entered September 12, 2016.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge